NOT DESIGNATED FOR PUBLICATION

No. 127,036

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

CORTEZ PACE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed September 27, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM:  Cortez Pace timely appeals from the district court's decision to revoke his probation following Pace's admission to committing a new crime. We granted Pace's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) in lieu of briefs. The State did not file a response. After careful review of the record, we find no abuse of discretion by the district court; thus, we affirm.

Pace pled guilty to two counts of battery on a law enforcement officer for acts committed in June 2019. The district court imposed consecutive sentences for each count, resulting in a total controlling term of 142 months' imprisonment. However, the district court granted Pace's motion for dispositional departure and suspended his underlying prison sentences to 36 months' supervised probation.

1

Pace's probation did not go well. In October 2023, Pace stipulated to violating his probation by committing a new crime. Based on this stipulation, the district court found Pace violated the terms of his probation. The district court revoked Pace's probation and then modified his sentences to run concurrent, making his new sentence 130 months' imprisonment.

Pace argues the district court erred in revoking his probation. However, he acknowledges he violated the terms of his probation; therefore, the decision to revoke probation was within the discretion of the district court. Once a probation violation is established, a district court has discretion to revoke probation unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in certain circumstances). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Pace bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, the district court had discretion to revoke Pace's probation without imposing any intermediate sanctions because Pace committed his original offenses after July 1, 2017, and his probation was granted as a result of a dispositional departure. See K.S.A. 2018 Supp. 22-3716(c)(9)(B); *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). The district court also had discretion to revoke Pace's probation under K.S.A. 2018 Supp. 22-3716(c)(8)(A), as it was undisputed Pace violated his probation by committing a new crime.

Pace identifies no error of fact or law underlying the district court's decision. Here, the district court acted within its statutory authority. Accordingly, Pace has not met his

2

burden to show an abuse of discretion by the district court in revoking his probation and imposing his underlying modified prison sentences.

Affirmed.